

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,663-01

## EX PARTE BERNADETTE PERSUSQUIA, AKA BERNADETTE PERUSQUIA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2009CRN000882-D1 IN THE 49TH DISTRICT COURT FROM WEBB COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to life imprisonment. The Fourth Court of Appeals affirmed her conviction. *Perusquia v. State*, No. 04-12-00126-CR (Tex. App. — San Antonio, June 12, 2013) (not designated for publication).

Applicant contends, among other things,[1] that her trial counsel rendered ineffective assistance

---

[1]This Court has reviewed Applicant's other claims, and finds them to be without merit.

for several reasons. On March 4, this Court remanded this matter to the trial court to obtain additional affidavits and findings addressing Applicant's allegations. The trial court conducted a habeas hearing on July 15, 2015, at which extensive testimony and arguments were heard. Following the habeas hearing, the trial court entered an order adopting some of Applicant's proposed findings of fact and conclusions of law, but rejecting others. The trial court made no specific recommendation as to whether Applicant should be granted a new trial or a new punishment hearing.

Some of the findings of fact and conclusions of law adopted and rejected by the trial court appear to be inconsistent. Specifically, with regard to Applicant's claim that trial counsel was ineffective at the guilt/innocence stage for failing to establish that Applicant was aware of specific acts of violence by the victim against his former wife, Anna Perusquia, and that this awareness materially affected Applicant's apprehension of danger when she shot the victim, the trial court finds that Anna Perusquia's testimony would have been admissible had Applicant testified that she was aware of these acts at the time she shot the victim. The trial court finds that the exclusion of this testimony substantially contributed the jury's rejection of Applicant' self-defense claim. Nevertheless, the trial court finds that trial counsel's failure to provide an available, legally sufficient basis for the admissibility of the testimony did not fall below the applicable objective standard for reasonable performance, and that there is not a reasonable probability that Applicant would not have been convicted of murder but for trial counsel's failure. The trial court concludes that the evidence would have been admissible to establish that Applicant was reasonably in fear of the victim, and concludes that Applicant was denied reasonably effective assistance of trial counsel in this regard. These findings and conclusions appear to be contradictory.

The trial court shall make additional findings of fact and conclusions of law or enter an order

clarifying its previous findings of fact and conclusions of law, and making specific findings and conclusions as to whether trial counsel was ineffective at the guilt/innocence stage of trial, and at the punishment stage of trial. The trial court shall make a recommendation as to whether Applicant is entitled to a new trial, a new punishment hearing, or both. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: February 24, 2016
Do not publish